IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SUTTON, GAIL SUTTON and DANIELLE SUTTON,<br><br>    Plaintiff,<br><br>  v<br><br>KATHLEEN LLEWELLYN, Individually and DBA HAWLEY AND LLEWELLYN, LLC; ALBERT NICORA, Individually and DBA NICORA AND MINOR, LLC; JAVAID SHEIKH; LISA GALDOS, Individually and in her official capacity as Court Executive Officer,<br><br>    Defendants.<br>_____/ | No C 06-0472 VRW<br><br>ORDER |

       Defendants Kathleen Llewellyn and Lisa Galdos have filed separate motions to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6).  Plaintiffs have moved for entry of default judgment against defendants Albert Nicora and Javaid Sheikh and moved for injunctive relief against Galdos.  The court has received and reviewed memoranda from the parties and finds it appropriate for decision without oral argument.  For the reasons stated herein, Llewellyn's and Galdos's motions are GRANTED and plaintiffs' motions are DENIED.

I

The instant action is one of three cases filed in this court that arise from conservatorship proceedings opened in 2003 in Monterey county concerning Letitia Breng Rose, Gail Sutton's mother. See CAND No C-04-4176 (Rose v Hogan); CAND No C-05-4469 (Sutton v Teets). Following are the undisputed facts pertinent to these motions.

On January 23, 2004, the superior court in Monterey County appointed Llewellyn as counsel to Rose in her conservatorship proceeding. Doc # 1 at 4-6. Galdos served as the Court Executive Officer for the superior court during this time. Id at 4. On April 30, 2004, the superior court granted Llewellyn's request to withdraw as counsel and appointed Nicora as her replacement. Id at 4, 8. Subsequently, after Rose passed away, Llewellyn placed her obituary in the newspaper, but she neither requested nor received compensation for this service. Doc # 1 at 7; Doc # 8 at 3; Doc # 9 at 2; Doc # 12, Ex F at 2.

Plaintiffs John, Gail and Danielle Sutton are Rose's son-in-law, daughter and granddaughter, respectively. On January 24, 2006, they initiated this action pro se on behalf of themselves and the estate of Rose against defendants "Kathleen Llewellyn, individually and DBA Hawley and Llewellyn, LLC; Albert Nicora individually and DBA Nicora and Minor, LLC; Javaid Sheikh; and Lisa Galdos, individually and in her official capacity as Court Executive Officer." Doc # 1 at 1-2. Plaintiffs seek damages from Llewellyn, alleging breach of fiduciary duty, legal malpractice, deprivation of plaintiffs' and Rose's fundamental rights without due process, conspiracy and fraud. Id at 5-10. They also seek the

2

"disbarment of Kathleen Llewellyn." Id. Plaintiffs assert nearly identical claims against Nicora, with the exception of fraud and conspiracy which they do not allege. Id at 10-15. Plaintiffs further assert claims against Sheikh, a physician, for medical malpractice, fraud, conspiracy and breach of "ethical" duty. Id at 15-16. Against Galdos, plaintiffs allege deprivation of their and Rose's constitutional rights, specifically "14th Amendment, Equal Protection and First Amendment/Due Process." Id at 17. Finally, the complaint includes allegations of defendants' defamation and intentional infliction of emotional distress. Doc # 1 at 18.

On April 28, 2006, Llewellyn filed her motion to dismiss all claims against her under Rule 12(b)(6). Doc # 7. On June 7, 2006, Galdos filed a similar motion with respect to the claims against her. Doc # 15. On June 12, plaintiffs moved for entry of default judgment against defendant Sheikh. Doc # 18. On June 14, plaintiffs moved for entry of default judgment against defendant Nicora. Doc # 25. Nicora filed his answer to the complaint on the same date. Doc # 22. On July 13, plaintiffs filed a motion for injunctive relief against Galdos. Doc # 33. On July 20, Sheikh moved to dismiss the claims against him. Doc # 35. This order addresses all but the last of these motions.

II

As a preliminary matter, to the extent that plaintiffs seek to recover on behalf of Rose or her estate, they lack standing to sue. First, "[a] litigant appearing in propria persona has no authority to represent anyone other than himself," so plaintiffs, filing pro se, cannot sue on Rose's behalf. Russell v United

3

States, 308 F2d 78, 79 (9th Cir 1962). Secondly, plaintiffs admit that they "are not executors" or personal representatives of Rose's estate, Doc # 10 at 5, so they cannot sue on behalf of the estate. Cal Prob Code § 9820; Bernard E Witkin, 4 California Procedure § 115 at 175 (4th ed 2006). Lastly, the standing issue has already been litigated and determined against plaintiffs in New York federal district court in related case C-05-4469 before it was transferred to this court. Doc # 8, Ex A at 8-9. For reasons of comity, the court defers to and applies that prior determination, with which it, moreover, agrees. Plaintiffs have already been afforded a full and fair opportunity to establish standing and may not relitigate the issue here.

The court now turns to the merits of the motions.

A

Defendant Llewellyn has moved to dismiss all claims against her. Assuming arguendo that plaintiffs have any claims against Llewellyn that are not brought on behalf of Rose or her estate, all such claims are time-barred. California Code of Civil Procedure § 340.6 provides in pertinent part:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission * * *.

Cal Code Civ Proc § 340.6. Try as they might to characterize them otherwise, all of plaintiffs' allegations arise entirely from Llewellyn's performance of professional services as counsel for Rose. This relationship ended on April 30, 2004, when Llewellyn

withdrew as counsel, and her subsequent publication of the obituary was not a legal service that extended the period of her representation. Hence, plaintiffs' suit filed on January 24, 2006, was well beyond the one-year statute of limitations.

Moreover, the very documents submitted to the court by plaintiffs on this motion establish their deep involvement in Rose's affairs and in the conservatorship proceeding before and during the period in which Llewellyn represented her. See Doc # 12, Ex D (letter from Kenneth Kroopf warning plaintiffs to stop harassing Rose); id, Ex E (letter from Rose's bookkeeper citing plaintiffs' persistent interference with her work); id, Ex G (email from Llewellyn to John Sutton). See also Doc # 14, Ex A (conservatorship proceeding minutes note appearance by Gail Sutton on January 23, 2004). Given plaintiffs' extensive involvement with Rose's affairs and those of her agents, including Llewellyn, plaintiffs are without excuse for delaying their suit against Llewellyn for allegedly wrongful acts beyond the statute of limitations.

Plaintiffs assert that their action is not time-barred because the statute should toll due to fraud or concealment by Llewellyn. In that regard, they attempt to invoke the exception in § 340.6 for "actual fraud." But "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FRCP 9(b). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." Moore v Kayport Package Express, Inc, 885 F2d 531, 540 (9th Cir 1989). Plaintiffs merely allege that Llewellyn "conspired with

5

[others] for the sole purpose of defrauding Mrs Rose." Doc # 1 at 10 (emphasis omitted). See also Doc # 9 at 2-3 (alleging fraud, fraudulent misrepresentation, conspiracy and abuse of process without supporting facts). Therefore, plaintiffs cannot invoke the "actual fraud" exception to toll the statute.

Plaintiff Danielle Sutton also argues that her claims are not time-barred because "she was a minor in 2003." Doc # 23 at 3. California Code of Civil Procedure § 352(a) provides that "[i]f a person entitled to bring an action * * * is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action." Even if Danielle Sutton were able avail herself of the tolling provision by establishing that she did not reach the age of majority more than one year before the filing of this action, however, her effort to pursue claims against Llewellyn would be futile. Danielle Sutton has no cause of action for breach of fiduciary duty or legal malpractice since she was never represented by Llewellyn. The complaint does not allege that Llewellyn defamed Danielle Sutton or intentionally inflicted emotional distress on her, and the fraud allegations suffer from lack of particularity as stated above. Hence, even if Danielle Sutton is not time-barred from bringing suit, her claims still would not survive a motion to dismiss under FRCP 12(b)(6).

In fact, even if John and Gail Suttons' claims were not time-barred, their allegations lack merit. The court has already determined that plaintiffs have no claims for breach of fiduciary duty and legal malpractice since Llewellyn only represented Rose, and plaintiffs lack standing to sue on her behalf. Also, as

6

discussed above, plaintiffs' allegations of fraud and conspiracy to commit fraud lack the requisite particularity under Rule 9 to survive a motion to dismiss, and their opposition papers contain nothing but more conclusory allegations of sufficiency. See Doc # 10 at 7 (denying pleading's deficiency and asserting the existence of a prima facie case without adducing additional facts).

As for plaintiffs' claim for intentional infliction of emotional distress, they must allege: (1) "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress;" (2) that plaintiff[s] suffered "severe or extreme" emotional distress; and (3) causation. <u>Christensen v Superior Court</u>, 54 Cal 3d 868, 903 (1992) (internal quotations omitted). In order to be "outrageous," conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.

Further, "[i]t is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." Id at 905. "The only exception to this rule is that recognized when the defendant is aware, but acts with reckless disregard, of the plaintiff and the probability that his or her conduct will cause severe emotional distress to that plaintiff." Id. "Where reckless disregard of the plaintiff's interests is the theory of recovery, the <u>presence</u> of the plaintiff at the time the outrageous conduct occurs * * * justifies recovery * * *." Id at 906 (emphasis added).

Plaintiffs do not allege that Llewellyn, or any defendant, directed their actions to plaintiffs so as intentionally

**7**

to cause emotional distress. Nor do plaintiffs allege that any defendants acted with reckless disregard in their presence to cause such distress. Thus, plaintiffs have failed to set forth a claim for intentional infliction of emotional distress.

Plaintiffs' claims for defamation are equally deficient. They allege Llewellyn defamed them in a letter to a New York district attorney when she attempted to secure a restraining order against plaintiffs. Doc # 1 at 18. But as Llewellyn correctly points out, a communication "in the initiation or course of [a] proceeding authorized by law," such as a request for a restraining order, is absolutely privileged under California law. Cal Civil Code § 47. Plaintiffs also allege defamation based on Llewellyn's letter to Montgomery Jones, Doc # 1 Ex H, but the letter contains only a recitation of facts known to both Llewellyn and Jones and statements of opinion, which are not actionable. Hence, plaintiffs have not alleged a cause of action for defamation against Llewellyn.

The court has determined that amendment would be futile to cure the deficiencies in plaintiffs' pleadings against Llewellyn. Accordingly, the court GRANTS defendant Llewellyn's motion to dismiss. All claims against defendant Llewellyn are DISMISSED without leave to amend.

B

Defendant Galdos moves to dismiss all claims against her on the ground of absolute judicial immunity. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the

8

judicial process." Mullis v United States Bankruptcy Court, 828 F2d 1385, 1390 (9th Cir 1987).  For example, in Mullis, the plaintiff alleged that a bankruptcy court clerk failed to give him proper counseling and notice on how to file his petitions, accepted and filed an incomplete petition, and refused to accept an amended petition.  Id.  The court held that "[e]ven if all of these allegations are taken as true, they all properly are characterized as integral parts of the judicial process."  Id.  "The clerk of court and deputy clerks are the officials through whom such filing is done.  Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction."  Id.

        In the case at bar, plaintiffs allege that, as the Court Executive Officer, Galdos "runs a kangaroo probate court" and that she "deprived Mrs Rose and the Suttons of a Jury trial, the right to speak and be heard in court * * *, the right to court orders and document[s] and equal protection under the law."  Doc # 1 at 17 (emphasis removed).  Even if these allegations are taken as true, Galdos's actions with respect to plaintiffs' filings and appearances in court are all properly characterized as integral parts of the judicial process.  Moreover, plaintiffs do not allege that Galdos acted in the clear absence of jurisdiction.  Hence, Galdos is entitled to quasi-judicial immunity.

        Accordingly, the court GRANTS defendant Galdos's motion to dismiss.  All claims against defendant Galdos are DISMISSED without leave to amend.

\\

\\

9

### C

Plaintiffs have filed a motion for entry of default judgment against defendant Nicora. But entry of default under FRCP 55(a) must precede a grant of default judgment under FRCP 55(b). Because plaintiffs failed to seek from the clerk entry of default against Nicora before filing their motion, their motion was premature when filed and is now moot in light of Nicora's intervening answer. FRCP 55. The motion for entry of default judgment is DENIED.

### D

Plaintiffs have filed a motion for entry of default judgment against defendant Sheikh. As with plaintiffs' motion for entry of default against defendant Nicora, they failed to seek from the clerk entry of default against Sheikh. Hence, their motion was premature when filed and is now moot in light of Sheikh's intervening motion to dismiss. FRCP 55. The motion for entry of default judgment is DENIED.

### E

Plaintiffs move to enjoin Galdos from her allegedly discriminatory treatment of their filings. Doc # 33 at 1. In their moving papers, they assert, *inter alia*, that: they were unable to obtain a hearing because they did not pay the fee; they were told they had to pay a fee, but no fee should have been required; the fee they were required to pay was higher than it should have been; their filings were refused for "frivolous"

10

1  reasons, such as the certificate of service; and they were forced
2  to have hearings when they did not want a hearing.  Id at
3    The court first notes that plaintiffs' allegations of
4  being overcharged and having filings refused for failure to pay fees
5  appear to lack merit.  Plaintiffs attached the fee schedule from the
6  Monterey county superior court (id, Ex A), which shows that no fees
7  are required for "[o]ppositions to petition for appointment of
8  conservator * * * filed by or on behalf of the proposed
9  conservatee."  Doc # 33, Ex A.  For all other types of filings, fees
10 are required.  Since Rose was the conservatee and plaintiffs were
11 not her appointed representatives, their filings would not be "by or
12 on behalf of" Rose and would be subject to fees.
13   Even if all of plaintiffs' allegations were true,
14 however, Galdos's alleged actions with respect to plaintiffs'
15 filings are properly characterized as integral parts of the
16 judicial process, for which she enjoys quasi-judicial immunity from
17 both damages and injunctive relief.  42 USC § 1983, the statute
18 under which plaintiffs would proceed against Galdos in federal
19 court, specifically provides that "in any action brought against a
20 judicial officer for an act or omission taken in such officer's
21 judicial capacity, injunctive relief shall not be granted unless a
22 declaratory decree was violated or declaratory relief was
23 unavailable."  Hence, Galdos's immunity extends to actions for
24 injunctive relief.  See also <u>Acuna v Fireside Thrift Co</u>, 2006 US
25 Dist LEXIS 30102 (D Ariz 2006) ("[I]f a defendant can successfully
26 assert judicial immunity from damages, that immunity will also bar
27 declaratory and injunctive relief.")
28   Plaintiffs' motion for injunctive relief is DENIED.

### III

This summarizes the court's orders:

1) the court GRANTS defendant Llewellyn's motion to dismiss without leave to amend (Doc # 7);

2) the court GRANTS defendant Galdos's motion to dismiss without leave to amend (Doc # 15);

3) the court DENIES plaintiffs' motion for entry of default judgment against Sheikh (Doc # 18).

4) the court DENIES plaintiffs' motion for entry of default judgment against Nicora (Doc # 25).

5) the court DENIES plaintiffs' motion for injunctive relief against Galdos (Doc # 33).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Judge