IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SUTTON, GAIL SUTTON and DANIELLE SUTTON,<br><br>    Plaintiffs,<br><br>  v<br><br>KATHLEEN LLEWELLYN, Individually and DBA HAWLEY AND LLEWELLYN, LLC; ALBERT NICORA, Individually and DBA NICORA AND MINOR, LLC; JAVAID SHEIKH; LISA GALDOS, Individually and in her official capacity as Court Executive Officer,<br><br>    Defendants.<br>_____/ | No C 06-0472 VRW<br><br>ORDER |

        Defendant Albert Nicora has moved for judgment on the pleadings under FRCP 12(c).  Doc #53.  Also, plaintiffs have filed six motions for leave of court to enforce subpoenas directed to (1) Ann Sydes dba A&A Auction (Doc #54), (2) Ombudsman Alliance on Aging (Doc #55), (3) Scarr Moving and Storage (Doc #59), (4) State Farm Insurance Company (Doc #60), (5) Adult Protective Services Department of Social Services (Doc #61) and (6) Monterey Transfer and Storage (Doc #62).

\\

In addition, by the court's order of October 10, 2006 (Doc #63), plaintiffs were given leave to amend their medical malpractice and defamation claims against defendant Javaid Sheikh. Plaintiffs have notified the court that they do not intend to amend. Doc #71.

The court has reviewed memoranda from both sides on Nicora's motion for judgment on the pleadings and has considered plaintiffs' motions for leave of court to enforce subpoenas and finds it appropriate for decision on the papers without oral argument. For the reasons stated herein, Nicora's motion for judgment on the pleadings is GRANTED and plaintiffs motions for leave to amend to enforce subpoenas are DENIED.

I

The instant action is one of four cases filed in this court arising from the conservatorship proceedings opened in 2003 in Monterey county concerning the late Letitia Breng Rose. See also CAND No C-04-4176 (Rose v Hogan); CAND No C-05-4469 (Sutton v Teets); CAND No C-06-6417 (Sutton v Sokotowski). Plaintiffs John, Gail and Danielle Sutton are Rose's son-in-law, daughter and granddaughter respectively. Doc #1 ¶2.

In January 2004, the Monterey county superior court appointed Kathleen Llewellyn as counsel to Rose in her conservatorship proceeding. Doc #1 ¶20. On April 30, 2004, the superior court granted Llewellyn's request to withdraw as counsel and appointed Nicora as her replacement. Doc #1 ¶21. Nicora remained Rose's counsel until she passed away on October 16, 2005. Doc #67 at 2-3.

Plaintiffs claim that in a "devious [and] diabolical scam to defraud Mrs Rose, the estate and [plaintiffs]," Nicora bankrupted the estate and "cruelly kept [Rose] away from her own home and family." Doc #1 ¶¶2, 10, 65, 74, 78.

Plaintiffs allege that as sole beneficiaries of Rose's estate, they suffered financial harm when Nicora sold Rose's furniture and other property and authorized the spending of unnecessary amounts of money. Doc #1 ¶¶2, 28, 69-70, 75. For example, plaintiffs allege that Nicora "let [Rose] pay out of pocket $1,000 a month for dangerous drugs" when she "had a right to an HMO medical plan that would have covered her drugs," "allowed [Rose] to pay huge fees to State Farm [Insurance Company] for furniture that was worth $30,000 not $300,000," and "forced [Rose] to remain in an institution for $11,000 a month when she wanted out." Doc #1 ¶69-70, 75.

In addition, plaintiffs allege they suffered emotional harm when Nicora refused to allow them to associate freely with Rose prior to her death. Doc #1 ¶¶27, 66. Specifically, plaintiffs allege that Nicora demanded plaintiffs post a $100,000 bond before allowing Rose to visit them in New York and declined to provide plaintiffs with airline tickets to visit her in California (Doc #1 ¶¶ 25, 27, 65), and that Rose wanted to move to New York to be with her family, but Nicora would not appoint plaintiffs as conservators or allow her to move. Doc #1 ¶¶25, 27, 66.

Following Rose's death, plaintiffs, acting in propria persona, brought this action on behalf of themselves and the estate of Rose against Kathleen Llewellyn, individually and DBA Hawley and Llewellyn, LLC; Albert Nicora, individually and DBA Nicora and

3

Minor, LLC; Javaid Sheikh; and Lisa Galdos, individually and in her official capacity as Court Executive Officer.  Doc #1 ¶1-6.

On August 11, 2006, the court granted Llewellyn and Galdos's separate motions to dismiss without leave to amend (Doc #7, Doc #15), denied plaintiffs' motion for entry of default judgment against Sheikh and Nicora (Doc #18, Doc #25) and denied plaintiffs' motion for injunctive relief against Galdos.  Doc #33. The court ruled, moreover, that plaintiffs lacked standing to bring claims on behalf of Rose's estate.  Doc #42.

On October 10, 2006, the court granted Sheikh's motion to dismiss plaintiffs' claims against him.  Doc #63.

## II

The court has jurisdiction over plaintiffs' constitutional claim pursuant to 28 USC § 1331.  And, since plaintiffs' tort claims arise out of the same conservatorship proceedings as the federal claim, the court has subject matter jurisdiction pursuant to 28 USC § 1367.  Both federal common law and California state law apply.

## III

The court turns first to Nicora's motion for judgment on the pleadings.

### A

Despite plaintiffs' argument to the contrary (Doc #56 at 5), Nicora's motion for judgment on the pleadings is timely.  Any party may move for judgment on the pleadings "[a]fter the pleadings

**4**

are closed but within such time as not to delay the trial * * *."
FRCP 12(c).  Pleadings are considered closed "when all required or permitted pleadings [(as governed by FRCP 7(a))] have been served and filed."  William W Schwarzer, A Wallace Tashima, and James M Wagstaffe, <u>California Practice Guide Federal Civil Procedure Before Trial</u> 9:323 (Rutter Group 2006).  Nicora's motion for judgment on the pleadings was filed on September 14, 2006, (well after July 20, 2006, when the last required responsive pleading was filed) and a trial date has not been set.  Accordingly, Nicora's motion is timely.

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  <u>Hal Roach Studios, Inc v Richard Feiner and Co, Inc</u>, 896 F2d 1542, 1550 (9th Cir 1990).  For the purposes of a Rule 12(c) motion, "all allegations of fact by the party opposing the motion are accepted as true, and are considered in the light most favorable to that party."  <u>General Conference Corporation of Seventh-Day Adventists v Seventh-Day Advestist Congregational Church</u>, 887 F2d 228, 230 (9th Cir 1989).

**B**

Plaintiffs demand damages from Nicora for (1) breach of fiduciary duty, (2) legal malpractice, (3) deprivation of due process and fundamental rights, (4) defamation and (5) intentional infliction of emotional distress.  Doc #1 p 10-14, 17-18.

Inexplicably, plaintiffs continue to assert they have standing to sue on behalf of Rose's estate.  Doc #67 at 3.  This

5

1 and another federal court have already adjudicated the issue and
2 found that plaintiffs lack standing to bring claims on behalf of
3 Rose or her estate.  Doc #42 at 3-4.  To the extent that
4 plaintiffs' complaint seems to allege injury to plaintiffs
5 themselves, however, the court addresses each such claim in turn.

1

Plaintiffs' purported claims for breach of fiduciary duty and legal malpractice cannot survive because plaintiffs have not, and, on the facts alleged, cannot establish that Nicora breached a legal duty owed to them.

Under California law, in order for a cause of action for breach of fiduciary duty or legal malpractice to survive, plaintiff must first allege defendant owed a legal duty to him.  See <u>Slovensky v Friedman</u>, 142 Cal App 4th 1518, 1528 (2006); <u>Osornio v Weingarten</u>, 124 Cal App 4th 304, 319 (2004).  Generally, an attorney only owes a duty of care to his client.  <u>Osornio</u>, 124 Cal App 4th at 320, 330.  A legal duty, however, may extend to a nonclient when that person is the intended beneficiary of the attorney's work.  Id.

In determining whether a legal duty exists, the main inquiry is "whether the principal purpose of the attorney's retention [was] to provide legal services for the benefit of the plaintiff."  <u>Osornio</u>, 124 Cal App 4th at 320, 330 (internal quotations omitted).  Try as they might to characterize them otherwise, plaintiffs' allegations arise entirely from Nicora's performance of professional services as <u>counsel for Rose</u> in her conservatorship proceeding.  Nicora performed these legal services to benefit Rose, not plaintiffs.

6

Plaintiffs claim, however, "[t]he minute that [Rose] requested the right to live with her children, plaintiffs became third party beneficiaries of the attorney client relationship to provide legal services." Doc #56 at 3. This argument, while creative, is without support in case law. Most situations in which an attorney's liability is extended arise when the attorney has prepared a will or trust for which the nonclient is the intended beneficiary. See e g <u>Osornio</u>, 124 Cal App 4th 304; <u>Garcia v Borelli</u>, 129 Cal App 3d 24 (1982); <u>Bucquet v Livingston</u>, 57 Cal App 3d 914 (1976). Finding a duty outside of the estate planning context is rare. <u>Osornio</u>, 124 Cal App 4th at 326-327.

Plaintiffs' allegations are insufficient to establish that they were the intended beneficiaries of Nicora's services. First, Rose's will is not before the court and there is no trust at issue. Moreover, Nicora was appointed counsel for Rose in her conservatorship (Doc #1 ¶21), and "[t]he purpose of a conservatorship is to enable a competent person to assist the <u>conservatee</u> in the management of [her] property." <u>In re Conservatorship of Estate of Hume</u>, 139 Cal App 4th 393, 403 (2006) (internal quotations omitted). Hence, the only intended beneficiary of Nicora's legal services was Rose.

Because plaintiffs cannot establish the existence of a legal duty owed by Nicora to them, the existence (or nonexistence) of the other elements for a claim of professional negligence is immaterial. Plaintiffs' claims cannot survive as a matter of law.

2

Plaintiffs' purported constitutional claim for "deprivation of due process and fundamental rights" cannot survive

1 as a matter of law because plaintiff did not, and, on the facts
2 alleged, cannot show Nicora was acting under color of state law.
3 　　　　　In a section 1983 civil action against a private party
4 for deprivation of constitutional rights, plaintiff must "show that
5 the alleged deprivation was committed by a person acting under
6 color of state law." <u>West v Atkins</u>, 487 US 42, 48 (1988).  If a
7 private party's actions are fairly attributable to the government,
8 they can be subject to section 1983 liability.  <u>Kirtley v Rainey</u>,
9 326 F3d 1088, 1092 (9th Cir 2003).
10 　　　　　Plaintiffs allege that because Nicora was appointed by
11 the court, he acted under color of state law.  Doc #1 ¶¶21, 88-94.
12 A court-appointed guardian, however, is not necessarily a state
13 actor.  See <u>Kirtley v Rainey</u>, 326 F3d at 1094 (state-appointed
14 guardian ad litem did not act under color of state law); <u>Polk
15 County v Dodson</u>, 454 US 312, 324 (1981) (public defender did not
16 act under color of state law when performing traditional functions
17 as counsel for defendant in a criminal proceeding).  Here, the
18 Monterey county superior court appointed Nicora as <u>private legal
19 counsel</u> for Rose in her conservatorship (Doc #1 ¶21) in order to
20 assist in the management of her property.  See Cal Prob Code §
21 1470(a); <u>Estate of Hume</u>, 139 Cal App 4th at 403.  It cannot be said
22 that as a private attorney, Nicora's actions are fairly
23 attributable to the state.
24 　　　　　Accordingly, Nicora's actions, no matter how offensive to
25 plaintiffs, were those of a private attorney — not of the state
26 itself — and are not subject to section 1983 liability.
27 \\
28 \\

8

3

Under a heading entitled "defamation," plaintiffs claim Nicora defamed them "to each attorney [they] attempted to hire to do a conservatorship in NY." Doc #1 ¶116. Defamation involves "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Smith v Maldonado, 72 Cal App 4th 637, 645 (1999) (citing Cal Civ Code §§ 45, 46). Plaintiffs allege that Nicora told others "he would not wish [p]laintiffs on his client." Doc #1 ¶116. This purported statement does not rise to the level of defamation. It is at most an unflattering statement of opinion that is not actionable as a matter of law.

4

As with the other defendants, plaintiffs' intentional infliction of emotional distress allegations are grossly deficient as a matter of law. See Orders of August 11 (Doc #42) and October 10 (Doc #63). Plaintiffs have not alleged — and cannot allege — that Nicora directed his actions toward plaintiffs with the intention of causing, or acted with reckless disregard of the probability of causing, emotional distress. Id.

IV

Because all of plaintiffs' claims against each defendant have now been dismissed, plaintiffs' six motions to enforce subpoenas (see supra at 1) are moot. Accordingly, plaintiffs' motions to enforce subpoenas against Ann Sydes dba A&A Auction (Doc #54), Ombudsman Alliance on Aging (Doc #55), Scarr Moving and Storage (Doc #59), State Farm Insurance Company (Doc #60), Adult

Protective Services Department of Social Services (Doc #61) and Monterey Transfer and Storage (Doc #62) are DENIED.

V

For the reasons stated above:

(1) plaintiffs' medical malpractice and defamation claims against Sheikh are DISMISSED WITHOUT LEAVE TO AMEND;

(2) plaintiffs' breach of fiduciary duty, legal malpractice, deprivation of due process and fundamental rights, defamation and intentional infliction of emotional distress claims against Nicora are DISMISSED WITHOUT LEAVE TO AMEND; and

(3) plaintiffs' motions to enforce subpoenas are DENIED.

This order resolves all outstanding claims. The clerk is directed to enter judgment for defendants and to close the file and terminate all pending motions.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge